UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

RICHARD ESCAMILLA, OLGA ESCAMILLA,

   *Plaintiffs*,

v.

ADT, LLC,

   *Defendant*.

Case No. SA-23-CV-01037-JKP

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendant ADT, LLC's Motion to Dismiss. *See* ECF No. 18. After receiving multiple reminders from the Court, and more than three months after their response was due, Plaintiffs Richard and Olga Escamilla filed a response to the motion. *See* ECF Nos. 28, 30, 31, 32. However, as ADT notes in its reply, the Plaintiffs' response fails to address any of the legal arguments ADT raised in its Motion to Dismiss. *See* ECF Nos. 34. Plaintiffs' failure to defend their claims in response to ADT's motion constitutes abandonment. Because ADT raises valid reasons for dismissing Plaintiffs' claims under Rule 12(b)(6), and Plaintiffs have abandoned their claims, the Court **GRANTS** ADT's Motion to Dismiss and **DISMISSES** this case. Final judgment will be entered by separate order.

### BACKGROUND

This case arises out of security alarm monitoring services provided by Defendant ADT to Plaintiffs Richard and Olga Escamilla. *See* ECF No. 14. ADT provided security alarm monitoring services pursuant to a contract executed by Richard Escamilla. The Plaintiffs allege

ADT failed to notify the fire department of a fire in their home until it was a total loss. *Id.* at 1. The Plaintiffs allege claims for negligence, violation of the Texas Deceptive Trade Practices Act (DTPA), and for breach of contract. *Id.* Specifically, Plaintiffs allege ADT was negligent "a) in failing to promptly notify the fire department of the fire at Plaintiffs' home; b) in failing to determine that a fire had started at Plaintiffs' home; and c) installing a fire monitoring system that did not properly function." *Id.* at 2. They allege ADT violated the DTPA based upon "representations that by monitoring of the account, defendant would timely notify the proper authorities when necessary; representations that their services were excellent; and failing to disclose they would not timely notify authorities in the event of an emergency." *Id.* at 2–3. They further allege ADT's conduct was "in breach of the contract between the parties." *Id.*

ADT argues the Court should dismiss Plaintiffs' negligence and DTPA claims because they are nothing more than breach of contract claims masquerading as torts. ADT further argues the Court should dismiss Plaintiffs' breach of contract claim for failure to state a claim upon which relief can be granted. For the reasons discussed herein, the Court agrees.

## LEGAL STANDARD

To provide opposing parties fair notice of the asserted cause of action and the grounds upon which it rests, every pleading must contain a short and plain statement of the cause of action which shows the pleader is entitled to relief. Fed. R. Civ. P. 8(a)(2); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). To satisfy this requirement, the complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 555–558, 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The focus is not on whether the plaintiff

will ultimately prevail, but whether that party should be permitted to present evidence to support adequately asserted causes of action. *Id.*; *Twombly*, 550 U.S. at 563 n.8. Thus, to warrant dismissal under Federal Rule 12(b)(6), a complaint must, on its face, show a bar to relief or demonstrate "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Fed. R. Civ. P. 12(b)(6); *Clark v. Amoco Prod. Co.*, 794 F.2d 967, 970 (5th Cir. 1986). Dismissal "can be based either on a lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Frith v. Guardian Life Ins. Co.*, 9 F. Supp.2d 734, 737–38 (S.D.Tex. 1998). "Thus, the court should not dismiss the claim unless the plaintiff would not be entitled to relief under any set of facts or any possible theory that he could prove consistent with the allegations in the complaint." *Jones v. Greninger*, 188 F.3d 322, 324 (5th Cir. 1999); *Vander Zee v. Reno*, 73 F.3d 1365, 1368 (5th Cir. 1996).

In assessing a motion to dismiss under Rule 12(b)(6), the court's review is limited to the live Complaint and any documents attached to it. *Brand Coupon Network, L.L.C. v. Catalina Mktg. Corp.*, 748 F.3d 631, 635 (5th Cir. 2014). The court may also consider documents attached to either a motion to dismiss or an opposition to that motion when the documents are referred to in the pleadings and are central to a plaintiff's claims. *Id.* When reviewing the Complaint, the "court accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004) (quoting *Jones v. Greninger*, 188 F.3d at 324).

A Complaint should only be dismissed under Rule 12(b)(6) after affording ample opportunity for the plaintiff to state a claim upon which relief can be granted, unless it is clear amendment would be futile. *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Hitt v. City of Pasadena*, 561 F.2d 606, 608–09 (5th Cir. 1977); *DeLoach v. Woodley*, 405 F.2d 496, 496–97

(5th Cir. 1968). Consequently, when it appears a more careful or detailed drafting might overcome the deficiencies on which dismissal is sought, a Court must allow a plaintiff the opportunity to amend the Complaint. *Hitt*, 561 F.2d at 608–09. A court may appropriately dismiss an action with prejudice without giving an opportunity to amend if it finds the plaintiff alleged his best case or if amendment would be futile. *Foman*, 371 U.S. at 182; *DeLoach*, 405 F.2d at 496–97.

## ANALYSIS

In this case, Plaintiffs bring claims for negligence, violation of the DTPA, and breach of contract. The Court considers each of these claims, in light of the arguments for dismissal raised by ADT, in turn below.

### I. Negligence

Plaintiffs allege ADT was negligent in failing to notify the fire department of a fire at their home, failing to determine a fire had started at their home, and installing a fire monitoring system that did not properly function. ADT argues Plaintiffs' negligence claim fails as a matter of law because the only duty ADT owes to Plaintiffs is a contractual duty. Indeed, Texas law provides that "[w]here a defendant's conduct gives rise to liability because it breaches an agreement between the parties, the plaintiff's claim ordinarily sounds only in contract." *See River Consulting, Inc. v. Sullivan*, 848 S.W.2d 165, 169 (Tex. App. 1992), *writ denied* (June 23, 1993). Plaintiffs do not dispute the only relationship between the parties is a contractual one, nor do they refute ADT's assertion that their negligence claim sounds in contract. Accordingly, Plaintiffs' negligence claim is dismissed with prejudice.

## II. DTPA

Plaintiffs allege ADT violated the DTPA based upon misrepresentations about ADT's intent to monitor the account and timely notify the proper authorities when necessary and misrepresenting the quality of ADT's services. Here again, Plaintiffs attempt to convert their breach of contract claims into DTPA claims. "[I]t has long been the rule in Texas that mere nonfeasance under a contract creates liability only for breach of contract." *Malsom v. Match.com, L.L.C.*, 540 F. App'x 412, 415 (5th Cir. 2013). ADT further asserts that even if Plaintiffs did raise a valid DTPA claim, which they did not, Plaintiffs failed to meet the heightened pleading standard required for DTPA claims under Federal Rule of Civil Procedure 9(b). The Court agrees and, therefore, dismisses Plaintiffs' DTPA claim with prejudice.

## III. Breach of Contract

Plaintiffs finally allege ADT's conduct breached the parties' contract. Specifically, Plaintiffs allege "they entered into a contract with Defendants to provide security services to Plaintiffs on a monthly basis for which Defendant charged them. The conduct set out [in the complaint] is in breach of the contract between the parties." *See* ECF No. 14. Plaintiffs do not plead any facts regarding what conduct constituted the breach or what contractual provisions are at issue. Indeed, ADT raised this deficiency in its Motion to Dismiss and Plaintiffs failed to address it in their response. The Court, therefore, dismisses Plaintiffs' breach of contract claim because Plaintiffs have failed to meet their pleading burden to raise "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 555–558, 570.

## IV. Abandonment

The Court finally notes Plaintiffs' response fails to rebut any of the arguments ADT made about the complaint's deficiencies. A party's failure to defend a claim in their response to a

motion to dismiss constitutes abandonment. *See Tex. Cap. Bank N.A. v. Dallas Roadster, Ltd. (In re Dallas Roadster, Ltd.),* 846 F.3d 112, 126 (5th Cir. 2017); *Black v. N. Panola Sch. Dist.*, 461 F.3d 584, 588, n.1 (5th Cir. 2006). The Court, therefore, finds Plaintiffs abandoned their claims.

## LEAVE TO AMEND

When ruling on a Rule 12(b)(6) motion, courts only dismiss an action with prejudice without giving an opportunity to amend upon finding the plaintiff alleged his best case or amendment would be futile. *Foman*, 371 U.S. at 182; *DeLoach*, 405 F.2d at 496–97. Here, Plaintiffs were given the opportunity to amend their complaint when ADT notified them of its intent to file a Rule 12(b)(6) motion, pursuant to the Court's standing order. Plaintiffs amended their complaint but failed to address any of its shortcomings. *See* ECF No. 14. The Court, therefore, finds Plaintiffs alleged their best case and dismissal with prejudice is appropriate.

## CONCLUSION

For the reasons stated, the Court finds ADT raised valid legal arguments as to why Plaintiffs' complaint should be dismissed under Rule 12(b)(6) and Plaintiffs abandoned their claims when they failed to address any of ADT's arguments in their response. *See* ECF No. 18. The Court, therefore, **GRANTS** ADT's Motion to Dismiss and **DISMISSES** this case. Final judgment will be entered by separate order.

It is so ORDERED.
SIGNED this 30th day of May, 2024.

_____
JASON PULLIAM
UNITED STATES DISTRICT JUDGE